**UNITED STATES of America**

**v.**

**Joseph C. PALMISANO, Defendant.**

**No. 94–CR–49.**

United States District Court,
D. Vermont.

Aug. 23, 1995.

Gregory Lane Waples, Asst. U.S. Atty., Dist. of Vermont, Burlington, VT, for U.S.

Peter Horstman, Kenneth Fishman, Bailey, Fishman & Leonard, Boston, MA, Michael Stewart Brow, Sylvester & Maley, Inc., Burlington, VT, for defendant.

*Opinion and Order*

GAGLIARDI, Senior District Judge.

Defendant moves this Court to dismiss Count 42, which charges him with making a false statement to the U.S. Bankruptcy Trustee in violation of 18 U.S.C. § 1001. He argues that the statement was made in the course of proceedings in Bankruptcy Court, making the statement beyond the scope of § 1001 under the holding of *Hubbard v. United States*, — U.S. —, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995). For the following reasons, the defendant's motion is denied.

*I. Facts*

The defendant is a bankruptcy attorney who, at all relevant times, resided in Barre, Vermont. The Superseding Indictment in this case contains 45 counts which charge Palmisano, essentially, with defrauding clients and investors. Count 42 arose from Palmisano's representation of Robert and Shirley Cassani and Cassani Electrical Services, Inc., in bankruptcy proceedings.

According to the indictment, the Cassanis' daughter, Kathryn Avery, held a mortgage on a parcel of land owned by the Cassanis. Palmisano persuaded Avery that he needed to obtain the mortgage to secure the payment of the Cassanis' unpaid legal fees and promised Avery that he would assign the mortgage back to her after the fees were paid. On December 2, 1991, Avery assigned her rights under the mortgage to Palmisano. Thereafter, the legal fees were allegedly paid; however, on December 18, 1991, Palmisano reassigned the mortgage to a third party in exchange for $25,000.

On May 4, 1992, Palmisano filed in Bankruptcy Court an application for attorney's fees, which included work related to the mortgage assignment. On June 19, 1992, the U.S. Trustee filed with the Bankruptcy Court a written objection to Palmisano's fee application. Among other things, the Trustee questioned Palmisano's role in the assignment. On June 23, 1992, Palmisano sent the Trustee a letter explaining the circumstances surrounding the mortgage assignment. Palmisano stated in the letter, allegedly falsely, that he was merely a conduit for Avery's willing assignment of the mortgage to the third party. This letter constitutes the false statement on which Count 42 is based.

*II. Discussion*

Recently, the Supreme Court narrowed the scope of 18 U.S.C. § 1001 in *Hubbard v. United States*, — U.S. —, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995). The U.S. Trustee in that case filed with the Bankruptcy Court an amended complaint and a motion to compel the production of certain business records. In response, the debtor filed unsworn written responses with the Bankruptcy Court that contained false statements. The debtor was then convicted under § 1001 for making false statements to the Bankruptcy Court.

The Supreme Court reversed the convictions. § 1001 prohibits the making of false statements "in any matter within the jurisdiction of any department or agency of the United States...." 18 U.S.C. § 6 defines "department" as "one of the executive departments ... unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government." The Court found that the context of § 1001 did not show that Congress

intended to depart from the definition provided in § 6, overruling *U.S. v. Bramblett,* 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955). Accordingly, the Court held that "a federal court is neither a 'department' nor an 'agency' within the meaning of § 1001." *Hubbard, supra,* at ——, 115 S.Ct. at 1765.

Therefore, it is crucial that the Court determine under whose "jurisdiction" the false statement occurred within the meaning of § 1001. If the matter was not within the jurisdiction of an Executive department, then *Hubbard* dictates dismissing Count 42. The government argues that the statement was made to the Trustee, who is part of the Executive branch. The defendant argues that the statement was made in relation to a judicial proceeding, making it within the jurisdiction of the Bankruptcy Court and thus beyond the scope of § 1001.

■ The term "jurisdiction" has been interpreted very broadly. In *U.S. v. Rodgers,* 466 U.S. 475, 104 S.Ct. 1942, 80 L.Ed.2d 492 (1984), the Supreme Court rejected a number of narrow definitions of "jurisdiction." Instead, the Court held that under § 1001, "a department or agency has jurisdiction, in this sense, when it has the power to exercise authority in a particular situation. . . . Understood in this way, the phrase 'within the jurisdiction' merely differentiates the official, authorized functions of an agency or department from matters peripheral to the business of that body." *Id.* at 479, 104 S.Ct. at 1946.

This Court holds that Palmisano's statement falls within the jurisdiction of the Executive branch. Even if the Bankruptcy Court had some jurisdiction over the matter, there is no indication that the term "jurisdiction" is exclusive. The Trustee's involvement in the bankruptcy proceeding, and specifically in disputing Palmisano's fee application, was certainly part of the Trustee's official, authorized function. When Palmisano submitted the letter, he obviously knew that the Trustee would rely on that information in performing its official function. This satisfies the *Rodgers* test set forth above. Therefore, Palmisano's alleged false statement in his letter to the Trustee was made in a matter within the jurisdiction of an Executive department, which comports with *Hubbard.*

■ Stating the difference between this case and *Hubbard* in different terms, Palmisano's letter to the Trustee allegedly defrauded the Executive branch; the government seeks to punish Palmisano for lying to the Executive branch, not for lying to the Bankruptcy Court. There is support for the notion that § 1001 applies if the government is defrauded as a party, but not if the government is defrauded as a court. In *U.S. v. D'Amato,* 507 F.2d 26 (2nd Cir.1974), the defendant filed an affidavit in a civil suit that contained false statements and was later convicted under § 1001. The court reversed the conviction, holding that § 1001 "does not apply where the Government is involved only by way of a court deciding a matter in which the Government or its agencies are not involved." *Id.* at 28. More recently, in *U.S. v. Masterpol,* 940 F.2d 760 (2nd Cir.1991), the court relied in part on *D'Amato* in reversing a conviction under § 1001 for submitting a false letter of recommendation to a judge for consideration during sentencing. "[T]o the extent section 1001 is available at all to criminalize a false statement made during a judicial proceeding, *D'Amato* indicates that the section only proscribes statements issued during a court proceeding that defraud the government as a party, not the government as a court." *Masterpol, supra,* at 765. The court reasoned that the letter defrauded the district court, not the prosecutor, and thus § 1001 did not apply. In contrast, Count 42 in the instant case alleges that Palmisano defrauded the Trustee, not the court, and therefore Palmisano was validly charged under § 1001.

The defendant argues that the Court's interpretation runs counter to *Hubbard.* However, the *Hubbard* opinion did not address the term "jurisdiction." It is true that *Hubbard* limits the scope of § 1001, but the *Hubbard* opinion focused solely on the statutory interpretation of the term "department." To place new limits on the term "jurisdiction" runs counter the holding of *Rodgers,* which was not affected by *Hubbard.* Thus, *Rodgers* survives as valid precedent which this Court must follow. Furthermore, if this Court were to adopt the defendant's position, § 1001 arguably would not reach any false

statement made to an Executive department if some connection, however trivial, could be shown to a judicial proceeding. This would encompass much of the function of some Executive departments and defeat the broad application of § 1001 that Congress intended within the Executive branch.

For the foregoing reasons, the defendant's motion to dismiss Count 42 of the Superseding Indictment is denied.

So Ordered.